

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TOP TOBACCO, L.P., REPUBLIC TECHNOLOGIES (NA), LLC, and REPUBLIC TOBACCO, L.P., )<br><br>Plaintiffs, )<br><br>vs. )<br><br>EASY WHOLESALE, INC. D/B/A "EZ WHOLESALE", SANG HEUM CHO (aka THOMAS CHO), KORI INC. D/B/A "SMOKE SHOP", DK JOO INC., DUK JOO CHO (aka ANN CHO), JJ CHO INC. D/B/A "SMOKE SHOP BRISTOL", and JAE JIN CHO.<br><br>Defendants. | Case No.  **19    4464**<br><br>Hon.<br><br>JURY TRIAL DEMANDED |



### COMPLAINT

Plaintiffs Top Tobacco, L.P. ("Top"), Republic Technologies (NA), LLC ("Republic Technologies"), and Republic Tobacco, L.P. ("Republic") (collectively, the "Plaintiffs"), by and through their undersigned counsel, for their Complaint against Easy Wholesale, Inc. d/b/a "EZ Wholesale" ("Easy Wholesale"), Sang Heum Cho (aka Thomas Cho) ("Thomas Cho"), Kori Inc. d/b/a Smoke Shop ("Smoke Shop"), DK JOO Inc., Duk Joo Cho (aka Ann Cho) ("Ann Cho"), JJ Cho Inc. d/b/a Smoke Shop Bristol ("Smoke Shop Bristol"), and Jae Jin Cho, (collectively, the "Defendants"), hereby allege as follows:

## NATURE OF THE ACTION

1.    This is an action involving infringement of registered trademarks and unfair competition under the Lanham Act of 1946, as amended, 15 U.S.C. §§ 1051 *et seq.*, and violations of Pennsylvania common law.

2.    Top owns numerous federal trademark registrations for use in connection with cigarette rolling papers as well as registrations for use in connection with, among other things, tobacco and smokers' articles, including all common law rights in such marks (together, the "TOP Marks," described with particularity in Paragraph 34).

3.    Republic Technologies owns numerous federal trademark registrations for use in connection with JOB-brand cigarette rolling papers, including all common law rights in such marks (together, the "JOB Marks," described with particularity in Paragraph 38).

4.    Plaintiffs bring this action in response to Defendants' infringing and unlawful conduct and in order to protect one of Top's most valuable assets, namely, the goodwill and consumer recognition of its well-known TOP Marks, which Top and its predecessors have used continuously for over 100 years in connection with smoking tobacco and continuously for over 60 years in connection with cigarette rolling papers.

5.    Plaintiffs also bring this action in response to Defendants' infringing and unlawful conduct and in order to protect one of Republic Technologies' most valuable assets, namely, the goodwill and consumer recognition of its well-known JOB Marks, which Republic Technologies and its predecessors have used continuously for over 150 years in connection with cigarette rolling papers.

6.    Republic and its predecessors have been the exclusive, master United States distributors of TOP- and JOB-brand cigarette rolling papers for decades before the alleged acts of

2

Defendants and at all relevant times herein. Republic is the sole distributor authorized to purchase TOP- and JOB-brand items from the factories where they are produced. Republic markets such items in the United States through wholesalers, retailers, convenience stores, gas station mini-marts, tobacco outlets, mass merchandisers, cash and carry outlets, and other retail locations. Republic is also the exclusive United States licensee of the TOP and JOB Marks for use in connection with its distribution of TOP- and JOB-brand products in the United States.

7.      On information and belief, Defendants ordered, imported, purchased, and/or sold counterfeit TOP- and JOB-brand products, which are inferior in quality and design to Plaintiffs' legitimate, trademarked products. In so doing, Defendants knowingly, willfully, and intentionally chose to evade legitimate sources of TOP- and JOB-brand products, and instead knowingly, willfully, and intentionally chose to obtain illegal and counterfeit copies of Plaintiffs' products for the purpose of illegally distributing and reselling such TOP- and JOB-brand products in violation of Plaintiffs' rights, federal trademark laws, and Pennsylvania common law.

8.      Defendants have significantly harmed Plaintiffs, confused the consuming public, and will continue to do so unless and until the relief requested herein is granted.

## THE PARTIES

9.      Top is a Delaware limited partnership, and maintains its principal place of business at 2301 Ravine Way, Glenview, Illinois 60025.

10.     Republic Technologies is a Delaware limited liability company, and maintains its principal place of business at 2301 Ravine Way, Glenview, Illinois 60025.

11.     Republic is a Delaware limited partnership, and maintains its principal place of business at 2301 Ravine Way, Glenview, Illinois 60025.

3

12.     On information and belief, Easy Wholesale is a Pennsylvania corporation (Corporate Entity #4264781) with a place of business at 1327 Adams Road, Suite C, Bensalem, Pennsylvania 19020.

13.     On information and belief, Smoke Shop is a Pennsylvania corporation (Corporate Entity #4101570) with a place of business at 823 New Rodgers Road, aka 823 Veteran's Highway, Bristol, Pennsylvania 19007.

14.     On information and belief, Thomas Cho is the principal of and or an officer in Easy Wholesale and Smoke Shop and is a Pennsylvania citizen residing at 421 Carson Terrace, Huntingdon Valley, Pennsylvania 19006.

15.     On information and belief, Smoke Shop Bristol is a Pennsylvania corporation (Corporate Entity #3866840) with a place of business at 823 New Rodgers Road, aka 823 Veteran's Highway, Bristol, Pennsylvania 19007.

16.     On information and belief, Jae Jin Cho is the principal of and or an officer in Smoke Shop Bristol and is a Pennsylvania citizen residing at 53 Rittenhouse Circle, Newtown, Pennsylvania 18940.

17.     On information and belief, DK JOO Inc. is a Pennsylvania corporation (Corporate Entity #4316069) with a place of business at 823 New Rodgers Road, aka 823 Veteran's Highway, Bristol, Pennsylvania 19007.

18.     On information and belief, Ann Cho is the principal of and or an officer in DK JOO Inc. and is a Pennsylvania citizen residing at 53 Rittenhouse Circle, Newtown, Pennsylvania 18940.

19.     Together, Thomas Cho, Ann Cho and Jae Jin Cho are referred to herein as the "Individual Defendants".

4

## JURISDICTION AND VENUE

20. This Court has personal jurisdiction over Defendants because they transact business activities in Pennsylvania and within this judicial district; have engaged in business activities in, and directed to, the Commonwealth of Pennsylvania and within this judicial district; have sold counterfeit products to consumers in the Commonwealth of Pennsylvania within this judicial district; have knowingly committed tortious acts aimed at and causing harm within the Commonwealth of Pennsylvania and this judicial district; and because Plaintiffs suffered harm within this judicial district as a result of Defendants' conduct complained of herein.

21. Plaintiffs' claims are, in part, based on violations of the Lanham Act of 1946, as amended, 15 U.S.C. §§ 1051 *et seq*. This Court has jurisdiction over the subject matter of Counts 1–3 pursuant to 15 U.S.C. §§ 1121(a) and 1124–1125 and 28 U.S.C. §§ 1331 and 1338. This Court has jurisdiction over Counts 4–6 pursuant to 28 U.S.C. §§ 1338(b) and 1367(a) because those claims are so related to the federal claims arising under the Lanham Act that they form part of the same case or controversy and derive from a common nucleus of operative facts.

22. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because, among other things, (1) Plaintiffs and Defendants transact business in this judicial district, (2) Defendants are subject to personal jurisdiction in this judicial district, and (3) a substantial part of the events giving rise to Plaintiffs' claims occurred in this judicial district.

## ALLEGATIONS COMMON TO ALL CLAIMS

### Plaintiffs' Business and the TOP and JOB Marks

23. For many years, Top and its predecessors and affiliates, including Republic and its predecessors, have been engaged in the distribution and sale of smokers' articles, including tobacco and related products such as cigarette rolling papers. One market in which Plaintiffs

5

compete is the "roll-your-own" market, in which Plaintiffs distribute tobacco and cigarette rolling papers, sold both together and separately. Top, the owner of the TOP Marks, and Republic Technologies, the owner of the JOB Marks, through their exclusive master distributor Republic, distribute such goods to consumers across the United States through wholesalers, retailers, convenience stores, gas station mini-marts, tobacco outlets, mass merchandisers, cash and carry outlets, and other retail locations.

24.     As a result, Top and Republic Technologies have become two of the best-known manufacturers of cigarette rolling papers. By volume of leaves, TOP cigarette rolling papers are the largest-selling cigarette rolling papers in the United States. By booklets, JOB cigarette rolling papers are the longest-selling cigarette rolling papers in the United States.

25.     As a result of the many decades of continuous and extensive use of the TOP and JOB Marks in interstate commerce in connection with tobacco and cigarette rolling papers, the TOP and JOB Marks have developed considerable recognition. Top and Republic Technologies have worked diligently to establish—and now own—considerable and valuable goodwill which is symbolized by their TOP and JOB Marks.

26.     The TOP brand of tobacco is one of the oldest tobacco brands in the United States. Top's predecessors first began to use the TOP Marks in connection with tobacco in the United States in the early 1900s. Thus, for over 100 years, Top and its predecessors have used the TOP Marks continuously in connection with tobacco, and over those many decades, TOP has become one of the best-known brands of tobacco in the United States. In fact, TOP is the leading-selling brand of roll-your-own tobacco by volume in the United States.

27.     Since Top's predecessors' first use of the TOP Marks in connection with tobacco over 100 years ago, the range of smoking-related products with which the TOP Marks have been

6

used has expanded. Beginning in or around the early 1940s, Top's predecessor began using the TOP Marks in connection with cigarette rolling papers. Through Top's and its predecessors' continuous use of the TOP Marks in connection with cigarette rolling papers, TOP has become one of the best-known brands of cigarette rolling papers in the United States.

28. Republic Technologies and its predecessors have used the JOB Marks continuously for over 150 years in connection with cigarette rolling papers. JOB-brand cigarette rolling papers are the longest-selling cigarette rolling papers in the United States.

29. Republic is the exclusive United States licensee of the TOP and JOB Marks in connection with the distribution of TOP- and JOB-brand products in the United States. In the past five years alone, Republic has sold tens of millions of dollars' worth of smoking tobacco and cigarette rolling papers under the TOP and JOB Marks. Republic's sale of smoking tobacco and cigarette papers under the TOP and JOB Marks and the goodwill associated therewith inures to the benefit of Top and Republic Technologies, respectively.

30. Republic promotes and advertises Top's high-quality TOP-brand products and Republic Technologies' high-quality JOB-brand products. For many years prior to the conduct of Defendants alleged herein, Republic and its predecessors devoted significant time, effort, and resources to marketing and promoting smoking tobacco and cigarette rolling papers under the TOP and JOB Marks. In fact, Republic and its predecessors have spent millions of dollars advertising and promoting the TOP and JOB Marks and products sold in connection therewith.

31. As a result of the use and extensive promotion of the TOP and JOB Marks in connection with tobacco and cigarette rolling papers, the TOP and JOB Marks have become well known and recognized by the public as identifying and distinguishing Top's and Republic Technologies' products. This consumer goodwill in and recognition of the TOP and JOB Marks

7

represent two of Top's and Republic Technologies' most valuable assets. Accordingly, the integrity of Top's TOP Marks and Republic Technologies' JOB Marks is extremely valuable to Top and Republic Technologies and is crucial to the continued vitality and growth of their respective businesses.

32.    TOP- and JOB-brand products are manufactured and sourced exclusively for, and under the direction of, Republic, and such products are sold through Republic.

33.    TOP- and JOB-brand cigarette rolling papers are manufactured in France, and no legitimate TOP- or JOB-brand cigarette rolling papers are manufactured outside of France.

34.    Top maintains federal trademark registrations including, among others, Registration No. 2,739,465 and Registration No. 2,831,105 for use in connection with cigarette rolling papers. Top also maintains federal trademark registrations including, among others, Registration Nos. 2,293,958; 2,739,466; 3,407,400; 3,677,986; 3,677,987; 3,710,606; 3,720,176; and 3,918,139 for word and design marks used in connection with, among other things, tobacco and smokers' articles. Copies of the registration records for the TOP Marks — Registration Nos. 2,739,465; 2,831,105; 2,293,958; 2,739,466; 3,407,400; 3,677,986; 3,677,987; 3,710,606; 3,720,176; and 3,918,139 — are collectively attached hereto as **Exhibit 1**. Each of Top's foregoing trademark registrations is valid, subsisting, and in full force and effect.

35.    U.S. Registration Nos. 2,739,465; 2,831,105; 2,293,958; 2,739,466; 3,407,400; 3,677,986; 3,677,987; 3,710,606; 3,720,176; and 3,918,139, each of which is owned by Top, have become incontestable within the meaning of 15 U.S.C. §§ 1065 and 1115(b).

36.    Top has acquired significant common law rights in the TOP Marks for use with its goods.

8

37.     The TOP Marks at issue in this case have been continuously used and have never been abandoned.

38.     Republic Technologies owns numerous federal trademark registrations for use in connection with JOB-brand cigarette rolling papers.  The JOB Marks include, among others, Registration Nos. 73,124; 1,341,384; 1,357,088; 3,834,324; 4,019,091; and 4,019,093.

39.     Copies of the registration records for the JOB Marks — Registration Nos. 73,124; 1,341,384; 1,357,088; 3,834,324; 4,019,091; and 4,019,093 — are collectively attached hereto as **Exhibit 2**.  Each of Republic Technologies' foregoing trademark registrations is valid, subsisting, and in full force and effect.

40.     U.S. Registration Nos. 73,124; 1,341,384; 1,357,088; 3,834,324; 4,019,091; and 4,019,093, each of which is owned by Republic Technologies, have become incontestable within the meaning of 15 U.S.C. §§ 1065 and 1115(b).

41.     Republic Technologies has acquired significant common law rights in the JOB Marks for use with its goods.

42.     The JOB Marks at issue in this case have been continuously used and have never been abandoned.

43.     Plaintiffs maintain an anti-counterfeiting program to protect against violations and infringement of the TOP and JOB Marks.  Plaintiffs have become aware that Defendants, well after Top and Republic Technologies first used and developed strong goodwill in their TOP and JOB Marks, have distributed and sold to consumers in the United States what purport to be authentic TOP- and JOB-brand cigarette rolling papers bearing the TOP and JOB Marks, but which are, in fact, counterfeit, and/or infringe TOP- and JOB-branded and TOP- and JOB-labeled products.

9

**Defendants' Knowing Sale of Counterfeit TOP and JOB Cigarette Rolling Papers**

44.     Neither Easy Wholesale, Smoke Shop, Smoke Shop Bristol nor any of the Individual Defendants has ever been a Republic customer.

45.     Easy Wholesale, Smoke Shop, Smoke Shop Bristol and the Individual Defendants have offered what appear to be Republic products for sale, namely TOP- and JOB-brand cigarette rolling papers.

46.     In March, April, May and November 2018 and again in February, 2019, Easy Wholesale and or Thomas Cho unlawfully sold cigarette rolling papers purporting to be TOP- and JOB-brand cigarette rolling papers that were not authentic TOP- or JOB-brand products.

47.     In March and April, 2019 Smoke Shop, Smoke Shop Bristol, DK JOO Inc. and or the Individual Defendants or each of them unlawfully sold cigarette rolling papers purporting to be TOP- and JOB-brand cigarette rolling papers that were not authentic TOP- or JOB-brand products.

48.     The unlawfully sold cigarette rolling papers referred to in paragraphs 46 and 47 above are referred to hereinafter as the "Counterfeit Papers".

49.     The Counterfeit Papers were offered at a lower price than genuine TOP- and JOB-brand cigarette rolling papers.

50.     Shortly after purchase, samples of the Counterfeit Papers were sent to a laboratory at Republic Technologies (France) SAS, the manufacturer of Top and Republic Technologies' legitimate products, for testing to determine whether the products were genuine or counterfeit. The laboratory confirmed conclusively that these TOP- and JOB-brand cigarette rolling papers were counterfeit.

10

51. On information and belief, Thomas Cho is the owner and an officer of Easy Wholesale and Smoke Shop and is involved in the willful purchase, sale, and/or distribution of counterfeit TOP- and JOB-brand cigarette rolling papers.

52. On information and belief, Thomas Cho uses Easy Wholesale and Smoke Shop as instruments for his own counterfeiting and infringement.

53. On information and belief, Thomas Cho owns and operates Easy Wholesale and Smoke Shop, intentionally buying, selling, and/or otherwise distributing counterfeit TOP- and JOB-brand cigarette rolling papers.

54. On information and belief, Ann Cho is the owner and an officer of DK JOO Inc. and is involved in the willful purchase, sale, and/or distribution of counterfeit TOP- and JOB-brand cigarette rolling papers.

55. On information and belief, Ann Cho uses DK JOO Inc. as an instrument for her own counterfeiting and infringement.

56. On information and belief, Ann Cho owns and operates DK JOO Inc. intentionally buying, selling, and/or otherwise distributing counterfeit TOP- and JOB-brand cigarette rolling papers.

57. On information and belief, Jae Jin Cho is the owner and an officer of Smoke Shop Bristol and is involved in the willful purchase, sale, and/or distribution of counterfeit TOP- and JOB-brand cigarette rolling papers.

58. On information and belief, Jae Jin Cho uses Smoke Shop Bristol as an instrument for his own counterfeiting and infringement.

59.     On information and belief, Jae Jin Cho owns and operates Smoke Shop Bristol intentionally buying, selling, and/or otherwise distributing counterfeit TOP- and JOB-brand cigarette rolling papers.

60.     Regarding the Counterfeit Papers purporting to be TOP-brand cigarette rolling papers, the laboratory determined that, among other variances, the Counterfeit Papers displayed some or all of the following discrepancies with the authentic TOP-brand cigarette rolling papers: (1) a discrepancy between the color, grammage and or formation of the blue leaves on the Counterfeit Papers as compared with the blue leaves on the authentic TOP-brand cigarette rolling papers; (2) the gluing on the stack of leaves on the booklet of the Counterfeit Papers is different from that of the authentic TOP-brand cigarette rolling papers; (3) the opacity and visual appearance of the paper in the Counterfeit Papers is different from that of the authentic TOP-brand cigarette rolling papers; (4) the gluing on the booklets of the Counterfeit Papers differs in the manner of its application from that of the authentic TOP-brand cigarette rolling papers; (5) the gum on the Counterfeit Papers is a different color and composition from that of the authentic TOP-brand cigarette rolling papers; and/or (6) the substance, thickness, colors, dimensions and or text of the cover of the Counterfeit Papers are different from that of the cover of authentic TOP-brand cigarette rolling papers.

61.     Regarding the Counterfeit Papers purporting to be JOB-brand cigarette rolling papers, the laboratory determined that, among other variances, the Counterfeit Papers displayed some or all of the following discrepancies with the authentic JOB-brand cigarette rolling papers: (1) the substance, grammage, thickness, check contents, precuts, flap shape, font and or color of the cover of the Counterfeit Papers are different than the cover of the authentic JOB-brand papers, (2) the color and placing of the stiffener in the booklet of the Counterfeit Papers is different from

12

that of the authentic JOB-brand cigarette rolling papers; (3) the cut and or alignment of the leaves in the booklet of the Counterfeit Papers is different from that of the authentic JOB-brand cigarette rolling papers; (4) the Counterfeit Papers use different watermarks than the authentic JOB-brand papers; (5) the substance, permeability and or grammage of the paper of the Counterfeit Papers is different from that of the authentic JOB-brand cigarette rolling papers; and/or (6) the glue or gum used on the Counterfeit Papers is different in composition from the glue used on authentic JOB-brand cigarette rolling papers.

62.     In view of the laboratory's findings, Plaintiffs have determined that Defendants have intentionally, knowingly, and willfully represented (and, on information and belief, continue to represent) to buyers that their Counterfeit Papers are authentic TOP- or JOB-brand products when they are, in fact, "colorable imitations" and/or "counterfeits" of Plaintiffs' authentic TOP-or JOB-brand cigarette rolling papers as those terms are defined in 15 U.S.C. § 1127, and Defendants did so with the specific intention to confuse and deceive the public. Specifically, the Counterfeit Papers include labels, graphics, and logos that counterfeit, appear confusingly similar to, and/or constitute colorable imitations of the authentic TOP- and JOB-brand products and the TOP and JOB Marks.

63.     On information and belief, Defendants knowingly engage in and control the distribution or offer for sale of the Counterfeit Papers, and have a direct financial interest in, and stand to gain a direct financial benefit from, their deliberately infringing activities.

64.     By their conduct, Defendants have been knowingly and willfully violating Top's and Republic Technologies' trademark rights and unfairly competing with Republic. Defendants' deliberate conduct has significantly impacted Plaintiffs because Defendants are trafficking in counterfeit merchandise and violating Plaintiffs' rights under federal and Pennsylvania law.

65. The Counterfeit Papers being offered for sale by Defendants are inferior to Plaintiffs' authentic, legitimate TOP- and JOB-brand cigarette rolling papers. The Counterfeit Papers comprise unknown and unapproved components, such as glues and additives, which may be potentially harmful to consumers. Customers that purchase the Counterfeit Papers from Defendants are likely to mistake Counterfeit Papers with authentic TOP- or JOB-brand cigarette rolling papers.

66. In the past several years, Republic has received an increased number of customer complaints about the poor quality of cigarette rolling papers purporting to be TOP- and JOB-brand papers.

67. Because Defendants' Counterfeit Papers are unlawfully produced and sold, they weaken, blur, and tarnish the TOP and JOB Marks and injure Plaintiffs' business reputation by causing their trademarks and the goodwill associated therewith to be confused or mistakenly associated with products of lesser quality.

## COUNT I

### (15 U.S.C. § 1114(1)(a) – Trafficking in Goods Bearing Counterfeit TOP and JOB Marks)

68. Plaintiffs repeat and reallege the allegations contained in Paragraphs 1 through 67 of this Complaint as if fully set forth herein.

69. This claim arises under 15 U.S.C. § 1114(1)(a) and is for the infringement and counterfeiting of trademarks registered with the United States Patent and Trademark Office by Top and Republic Technologies.

70. Top Tobacco owns and has rights to use its federally registered TOP Marks in connection with, among other things, cigarette rolling papers, tobacco, smokers' articles, and related goods.

14

71.     Republic Technologies owns and has rights to use its federally registered JOB Marks in connection with, among other things, cigarette rolling papers, tobacco, smokers' articles, and related goods.

72.     Defendants used the marks "TOP" and "JOB" in connection with the Counterfeit Papers, which are the same goods on which Plaintiffs use the TOP and JOB Marks (cigarette rolling papers).

73.     "TOP" is identical to the TOP Marks in sight, sound, and commercial impression.

74.     "JOB" is identical to the JOB Marks in sight, sound, and commercial impression.

75.     Plaintiffs have not authorized Defendants' use of any of the TOP or JOB Marks to advertise, offer for sale, sell, or distribute the Counterfeit Papers.

76.     Plaintiffs' rights in their TOP and JOB Marks predate the Defendants' first use of the TOP and JOB Marks.

77.     Defendants' counterfeit use of the TOP and JOB Marks on or in connection with the sale of Counterfeit Papers in the United States, and specifically Pennsylvania, constitutes use in commerce.

78.     Through Defendants' willful, knowing, and intentional purchase and offer for sale of Counterfeit Papers, Defendants have violated (and, on information and belief, continue to violate) 15 U.S.C. § 1114(1)(a), because Defendants' conduct is likely to create confusion, to cause mistake, to deceive, to cause the public to believe that the Counterfeit Papers are authorized, sponsored, or approved by Plaintiffs when they are not, and to result in Defendants unfairly and illegally benefitting from Plaintiffs' goodwill, damaging Plaintiffs' goodwill and harming the public that relies on the high quality of Plaintiffs' products.

15

79.     Accordingly, Defendants have engaged in trademark counterfeiting in violation of 15 U.S.C. § 1114(1)(a), and are liable to Plaintiffs for all damages related thereto, including, without limitation, actual damages, infringing profits, and statutory damages, as well as attorneys' fees.

80.     Plaintiffs have been, are now, and will be irreparably harmed by Defendants' wrongful acts, unless enjoined by this Court. There is no adequate remedy at law for the harm caused by the wrongful acts alleged herein.

81.     In knowingly selling counterfeit merchandise bearing the unauthorized TOP and JOB Marks, Defendants' egregious conduct proves willful and intentional, thereby rendering this case exceptional.

82.     In light of the Plaintiffs' high probability of success on the merits, the likelihood of irreparable damage that will result from the sale of counterfeit merchandise, the financial and reputational hardship Plaintiffs have felt and continue to feel, and the harm that may befall unsuspecting consumers of counterfeit merchandise, injunctive relief is warranted in order to prevent Defendants from continuing to violate 15 U.S.C. § 1114(1)(a).

## COUNT II

### (15 U.S.C. § 1114 – Infringement of Federally Registered Trademarks)

83.     Plaintiffs repeat and reallege the allegations contained in Paragraphs 1 through 67 of this Complaint as if fully set forth herein.

84.     Top Tobacco owns and has rights to use its federally registered TOP Marks in connection with, among other things, cigarette rolling papers, tobacco, smokers' articles, and related goods.

16

85. Republic Technologies owns and has rights to use its federally registered JOB Marks in connection with, among other things, cigarette rolling papers, tobacco, smokers' articles, and related goods.

86. Plaintiffs' rights in the TOP Marks and JOB Marks predate Defendants' first use of the TOP and JOB Marks.

87. Defendants' use of the TOP and JOB Marks in connection with the purchase and the offer for sale of Counterfeit Papers is likely to cause confusion, or cause mistake or deceive, in violation of 15 U.S.C. § 1114.

88. As a direct and proximate result of Defendants' unauthorized use of the TOP and JOB Marks, Plaintiffs have suffered and will continue to suffer substantial injury to their business, reputation, and goodwill.

89. By using the TOP and JOB Marks without Plaintiffs' respective approval or consent, Defendants are willfully infringing Plaintiffs' rights with the intent to trade on the fame and goodwill associated with the TOP and JOB Marks.

90. Plaintiffs have been, are now, and will be irreparably harmed by Defendants' wrongful acts, unless enjoined by this Court. There is no adequate remedy at law for the harm caused by the wrongful acts alleged herein.

## COUNT III

### (15 U.S.C. § 1125(a) – Unfair Competition and False Designation of Origin)

91. Plaintiffs repeat and reallege the allegations contained in Paragraphs 1 through 67 of this Complaint as if fully set forth herein.

92. This claim arises under 15 U.S.C. § 1125(a), and is for Defendants' use in commerce of false designations of origin, false descriptions and false representations.

17

93. Through longstanding use, Top Tobacco owns and has rights to use numerous TOP Marks in connection with, among other things, cigarette rolling papers, tobacco, smokers' articles, and related goods.

94. Through longstanding use, Republic Technologies owns and has rights to use numerous JOB Marks in connection with, among other things, cigarette rolling papers, tobacco, smokers' articles, and related goods.

95. Plaintiffs' rights in the TOP and JOB Marks predate Defendants' first use of the TOP and JOB Marks.

96. The TOP and JOB Marks are in full force and effect.

97. The TOP and JOB Marks are nationally recognized, including within the Eastern District of Pennsylvania as being affixed to goods of the highest quality and from a single source: Plaintiffs.

98. Defendants' use of the TOP and JOB Marks in connection with the purchase and offer for sale of Counterfeit Papers is likely to cause confusion, cause mistake, or deceive as to the affiliation, connection, or association of Defendants with Plaintiffs, or as to the origin, sponsorship, or approval of Defendants' goods or commercial activities by another person, in violation of 15 U.S.C. § 1125(a).

99. As a direct and proximate result of Defendants' unauthorized use of the TOP and JOB Marks, Plaintiffs have suffered and will continue to suffer substantial injury to their business, reputation, and goodwill.

100. By using the TOP and JOB Marks without Plaintiffs' respective approval or consent, Defendants have willfully infringed Plaintiffs' rights with the intent to trade upon the fame and goodwill associated with the TOP and JOB Marks.

18

101.    Defendants' acts as alleged herein were committed with the intent to pass off Defendants' goods and services as the goods and services of, approved by, sponsored by, or affiliated with Plaintiffs, and with the intent to deceive and defraud the public.

102.    The intentional nature of Defendants' wrongful acts renders this case exceptional pursuant to 15 U.S.C. § 1117.

103.    Plaintiffs have been, are now, and will be irreparably harmed by Defendants' wrongful acts, unless enjoined by this Court.  There is no adequate remedy at law for the harm caused by the wrongful acts alleged herein.

## COUNT IV

### (Common Law Trademark Infringement)

104.    Plaintiffs repeat and reallege the allegations contained in Paragraphs 1 through 67 of this Complaint as if fully set forth herein.

105.    Through longstanding use, Top Tobacco owns and has rights to use its valid and legally protectable TOP Marks in connection with, among other things, cigarette rolling papers, tobacco, smokers' articles, and related goods.

106.    Through longstanding use, Republic Technologies owns and has rights to use its valid and legally protectable JOB Marks in connection with, among other things, cigarette rolling papers, tobacco, smokers' articles, and related goods.

107.    Plaintiffs' rights in the TOP and JOB Marks predate Defendants' first use of the TOP and JOB Marks.

108.    Defendants, without authorization from Plaintiffs, have used (and, on information and belief, are continuing to use) spurious designations that are identical to, substantially

19

indistinguishable from, or confusingly similar to the TOP and JOB Marks in connection with the purchase and the offer for sale of the Counterfeit Papers.

109. The foregoing acts of Defendants are intended to cause, have caused, and are likely to continue to cause confusion and mistake among consumers, the public, and the tobacco trade as to whether the Counterfeit Papers are affiliated with, sponsored by, or endorsed by Plaintiffs.

110. On information and belief, Defendants have acted with knowledge of Plaintiffs' ownership of and rights in the TOP and JOB Marks and with deliberate intent or willful blindness to unfairly benefit from the incalculable goodwill symbolized thereby.

111. Defendants' acts constitute trademark infringement in violation of Pennsylvania common law.

112. On information and belief, Defendants have made and will continue to make substantial profits or gains to which they are not in law or equity entitled.

113. On information and belief, Defendants intend to continue their infringing acts unless restrained by this Court.

114. Defendants' acts have damaged and will continue to damage Plaintiffs, and Plaintiffs have no adequate remedy at law.

## COUNT V

### (Common Law Unfair Competition)

115. Plaintiffs repeat and reallege the allegations contained in Paragraphs 1 through 67 of this Complaint as if fully set forth herein.

116. Through longstanding use, Top Tobacco owns and has rights to use its valid and legally protectable TOP Marks in connection with, among other things, cigarette rolling papers, tobacco, smokers' articles, and related goods.

20

117.    Through longstanding use, Republic Technologies owns and has rights to use its valid and legally protectable JOB Marks in connection with, among other things, cigarette rolling papers, tobacco, smokers' articles, and related goods.

118.    Plaintiffs' rights in the TOP and JOB Marks predate Defendants' first use of the TOP and JOB Marks.

119.    Defendants, without authorization from Plaintiffs, have used (and, on information and belief, are continuing to use) spurious designations that are identical to, substantially indistinguishable from, and/or confusingly similar to the TOP and JOB Marks in connection with the purchase and the offer for sale of the Counterfeit Papers.

120.    Plaintiffs and Defendants are competitors in the tobacco trade, and compete for a common pool of customers. As alleged herein, Defendants have engaged in unfair, deceptive, or fraudulent conduct, which is likely to cause, if it has not already, customer confusion in violation of Pennsylvania common law.

121.    Through Defendants' unauthorized use of the TOP and JOB Marks in connection with the Counterfeit Papers and in commerce, Defendants have committed trademark counterfeiting, trademark infringement, passing off, palming off, unfair competition, imitating, and/or unfair or deceptive practices that are causing or are likely to cause confusion or deception about the source or sponsorship of Defendants' Counterfeit Papers.

122.    Through Defendants' wrongful acts alleged herein, Defendants have directly created a likelihood of confusion about the source and sponsorship of Defendants' products.

123.    The foregoing acts of Defendants constitute unfair competition in violation of Pennsylvania common law.

21

124.    With full knowledge of Plaintiffs' rights in the TOP and JOB Marks, Defendants made false and misleading representations to customers that the Counterfeit Papers Defendants advertise and offer for sale are associated with Plaintiffs.

125.    Defendants are liable to Plaintiffs for unfair competition under Pennsylvania law, because Defendants' conduct is tortious and has deprived Plaintiffs of customers and other prospects.

126.    The resemblance between the Counterfeit Papers and genuine TOP- and JOB-brand papers is so close that Defendants' conduct is likely to confuse any prospective buyers or customers about the source or sponsorship of the products.

127.    On information and belief, Defendants' acts are willful, wanton, calculated to deceive, and undertaken in bad faith.

128.    On information and belief, Defendants' acts alleged herein were committed with the intent to deceive and defraud the public in order to gain an increase in their sales, customer base, and share in the tobacco trade and/or eliminate Plaintiffs from the tobacco trade.

129.    On information and belief, Defendants will continue to make substantial profits and/or gains to which they are not entitled in law or equity if not enjoined from promoting, offering to sell, and selling the Counterfeit Papers.

130.    On information and belief, Defendants intend to continue their unlawful acts unless restrained by this Court.

131.    Defendants' acts have damaged and will continue to damage Plaintiffs, and Plaintiffs have no adequate remedy at law.

## COUNT VI

### (Common Law Unjust Enrichment)

132.    Plaintiffs repeat and reallege the allegations contained in Paragraphs 1 through 67 of this Complaint as if fully set forth herein.

133.    The Defendants have gained a financial benefit by selling the Counterfeit Papers to their customers and by making false and misleading representations to customers that the Counterfeit Papers that the Defendants advertise and offer for sale are associated with Plaintiffs.

134.    On information and belief, Defendants' willful and knowing acts, including their use of Plaintiffs' TOP and JOB Marks, permitted Defendants to procure customers and sales that they otherwise would not have been able to obtain.

135.    Plaintiffs have conferred a benefit upon Defendants through Defendants' use of the infringing TOP and JOB Marks.

136.    Defendants have received appreciable benefits from using the infringing TOP and JOB Marks in commerce.

137.    Plaintiffs have not received any compensation in exchange for the benefits received by Defendants.

138.    It is inequitable for Defendants to retain the benefits of the use of the infringing TOP and JOB Marks, including, but not limited to, monetary and reputational benefits and value of the TOP and JOB Marks.

139.    Defendants have been unjustly enriched by virtue of their use of the infringing TOP and JOB Marks to the detriment of Plaintiffs, as well as consumers in the marketplace.

140.    On information and belief, Defendants' acts are willful, wanton, calculated to deceive, and undertaken in bad faith.

23

141. On information and belief, Defendants will continue to make substantial profits and/or gains to which they are not entitled in law or equity if not enjoined from promoting, offering to sell, and selling the Counterfeit Papers.

142. On information and belief, Defendants intend to continue their unlawful acts unless restrained by this Court.

143. Equity requires the Defendants to compensate the Plaintiffs for the profits they have received in connection with the sale of the Counterfeit Papers.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for the following relief:

1. That judgment be entered as follows:

   a. Defendants violated the anti-counterfeiting provisions of 15 U.S.C. § 1114(1);

   b. Defendants infringed Plaintiffs' federally registered trademarks pursuant to 15 U.S.C. § 1114;

   c. Defendants' unlawful use of the TOP and JOB Marks in interstate commerce constitutes unfair competition and false designation of origin pursuant to 15 U.S.C. § 1125(a);

   d. Defendants have infringed Plaintiffs' common law trademark rights;

   e. Defendants have in the past unfairly competed, and are currently unfairly competing, with Plaintiffs in violation of Plaintiffs' common law rights; and

   f. Defendants have been unjustly enriched by the distribution and sale of the Counterfeit Papers.

2. An order requiring that Defendants and any subsidiaries, officers, agents, servants, employees, owners, and representatives, and all other persons or entities in active concert or participation with Defendants, be permanently enjoined and restrained from:

24

a.    making any unauthorized use of the TOP or JOB Marks, or any reproduction, counterfeit, copy, or colorable imitation thereof, in connection with the sale of any goods or offering of any services;

b.    manufacturing, distributing, advertising, marketing, promoting, offering for sale, or selling any goods, wares, or services, including, but not limited to, all cigarette rolling papers, or any other goods, with marks or trade dress that look confusingly similar to any of the TOP or JOB Marks, as well as any other forms of markings, packaging, labels, wrappers, containers, articles, products, displays, signs, circulars, kits, literature, materials, receptacles, catalogs, price lists, promotional materials, or websites and the like bearing a reproduction, counterfeit, copy, or colorable imitation of the TOP or JOB Marks;

c.    using any mark, trade dress, design, statement, or representation that may be calculated to falsely represent or that has the effect of falsely representing that the services or products of Defendants are in any way sponsored by, originate with, or are associated or approved by Plaintiffs;

d.    falsely representing themselves or their goods or services as affiliated with, connected with, associated with, or approved by Plaintiffs;

e.    advertising, marketing, promoting, offering for sale, selling, importing, exporting, distributing, and/or transferring cigarette rolling papers and related products complained of herein and/or anything confusingly similar thereto, or any reproduction, counterfeit, copy, or colorable imitation thereof, and/or any other of the TOP or JOB Marks, through any means whatsoever, including, but not limited to, retail, wholesale, via the Internet, mail order, telephone, or any other method of interstate or intrastate commerce;

f.    doing any other act or thing calculated or likely to cause confusion or mistake in the minds of members of the public, including prospective customers of Plaintiffs, as to the source of the goods offered, distributed, marketed, advertised, or sold by Defendants, or as to whether there is a connection between Plaintiffs and Defendants; and

g.    assisting, aiding, or abetting any other person or entity in engaging in any of the acts set forth in (a) through (f) above;

25

3.      An order that all products, labels, packaging, wrappers, signs, prints, banners, posters, brochures, catalogs, or other advertising, promotional, or marketing materials in Defendants' possession, custody, or control, or in the possession, custody, or control of any of their agents, that feature any of the TOP or JOB Marks or any other goods that may infringe TOP or JOB Marks be removed and destroyed, at Defendants' cost and expense, along with the means for making the same;

4.      An order that Defendants file with this Court and serve upon Plaintiffs within 30 days after entry of the injunction a report in writing, under oath, setting forth in detail the manner and form in which Defendants have complied with the injunction entered by this Court;

5.      Damages in an amount to be proven at trial sufficient to compensate Plaintiffs for all damages caused by Defendants' conduct, with such damages to be trebled;

6.      An order awarding Plaintiffs statutory damages pursuant to 15 U.S.C. § 1117(c) based on the maximum amount available of two million dollars ($2,000,000) per counterfeit mark;

7.      Disgorgement of all profits or other unjust enrichment obtained by Defendants as a result of Defendants' conduct complained of herein, with the amount of such profits increased to the extent they are inadequate to compensate Plaintiffs for the harm incurred as a result of Defendants' acts;

8.      An accounting of all financial records of each Defendant;

9.      All allowable costs associated with this action;

10.     Plaintiffs' attorneys' fees under 15 U.S.C. § 1117;

26

11. Pre- and post-judgment interest; and

12. Any and all additional relief this Court deems just under the circumstances.

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs hereby request a

trial by jury of any issues so triable.

Respectfully submitted,

**Royer Cooper Cohen Braunfeld LLC**

By: _____

Barry L. Cohen, Esquire
Julie M. Latsko, Esquire
September 25, 2019          Two Logan Square
100 North 18th Street, Suite 710
Philadelphia, PA 19130
T: (484) 362-2628; F: (484) 362-2630
E: bcohen@rccblaw.com
E: jlatsko@rccblaw.com

**Katten Muchin Rosenman LLP**

By: /s/ Sheldon T. Zenner
Sheldon T. Zenner, Esquire
525 W. Monroe St.
Chicago, Illinois 60661
T: (312) 902-5200
E: szenner@katten.com
*To be admitted Pro Hac Vice*

*Attorneys for Plaintiffs Top Tobacco, L.P., Republic Technologies (NA), LLC, and Republic Tobacco, L.P.*

27

# EXHIBIT 1

9/18/2019                                    Trademark Electronic Search System (TESS)

 United States Patent and Trademark Office

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | eBusiness | eBiz alerts | News | Help

## Trademarks > Trademark Electronic Search System (TESS)

*TESS was last updated on Wed Sep 18 03:47:01 EDT 2019*

| TESS HOME | New User | STRUCTURED | FREE FORM | Browse Dict | **SEARCH OG** | Bottom | HELP |

Logout  Please logout when you are done to release system resources allocated for you.

# Record 1 out of 1

| TSDR | ASSIGN Status | TTAB Status | *( Use the "Back" button of the Internet Browser to return to TESS)*



| | |
|---|---|
| **Word Mark** | TOP |
| **Goods and Services** | IC 034. US 002 008 009 017. G & S: cigarette rolling papers. FIRST USE: 19420101. FIRST USE IN COMMERCE: 19420101 |
| **Mark Drawing Code** | (3) DESIGN PLUS WORDS, LETTERS, AND/OR NUMBERS |
| **Design Search Code** | 21.01.09 - Tops, toys |
| **Serial Number** | 76074182 |
| **Filing Date** | June 20, 2000 |
| **Current Basis** | 1A |
| **Original Filing Basis** | 1A |
| **Published for Opposition** | April 29, 2003 |
| **Registration Number** | **2739465** |
| **Registration Date** | July 22, 2003 |
| **Owner** | (REGISTRANT) Top Tobacco L.P. general partner is Top Tobacco Management Corp., an Illinois Corporation LIMITED PARTNERSHIP DELAWARE 2301 Ravine Way Glenview ILLINOIS 60025 |
| **Attorney of Record** | Antony J. McShane |
| **Prior Registrations** | 1813971;2293958 |

Case 2:19-cv-04464-PBT   Document 1   Filed 09/25/19   Page 30 of 49

**Type of Mark** TRADEMARK

**Register** PRINCIPAL

**Affidavit Text** SECT 15. SECT 8 (6-YR). SECTION 8(10-YR) 20130713.

**Renewal** 1ST RENEWAL 20130713

**Live/Dead Indicator** LIVE

TLSS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | TOP | HELP

| HOME | SITE INDEX| SEARCH | eBUSINESS | HELP | PRIVACY POLICY

 United States Patent and Trademark Office

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | eBusiness | eBiz alerts | News | Help

## Trademarks > Trademark Electronic Search System (TESS)

*TESS was last updated on Wed Sep 18 03:47:01 EDT 2019*

TESS HOME | New USER | STRUCTURED | FREE FORM | Browse Dict | **SEARCH OG** | BOTTOM | HELP

Logout | Please logout when you are done to release system resources allocated for you.

# Record 1 out of 1

**TSDR** | **ASSIGN Status** | **TTAB Status** *( Use the "Back" button of the Internet Browser to return to TESS)*

## **TOP**

| | |
|---|---|
| **Word Mark** | TOP |
| **Goods and Services** | IC 034. US 002 008 009 017. G & S: cigarette rolling papers. FIRST USE: 19420101. FIRST USE IN COMMERCE: 19420101 |
| **Mark Drawing Code** | (1) TYPED DRAWING |
| **Serial Number** | 76033943 |
| **Filing Date** | April 26, 2000 |
| **Current Basis** | 1A |
| **Original Filing Basis** | 1A |
| **Published for Opposition** | April 15, 2003 |
| **Change In Registration** | CHANGE IN REGISTRATION HAS OCCURRED |
| **Registration Number** | **2831105** |
| **Registration Date** | April 13, 2004 |
| **Owner** | (REGISTRANT) Top Tobacco L.P. Composed of Top Tobacco Management Corp., an Illinois Corporation, located and doing business at 2301 Ravine Way, Glenview, Illinois 60025. LIMITED PARTNERSHIP DELAWARE 2301 RAVINE WAY GLENVIEW ILLINOIS 60025 |
| **Attorney of Record** | Antony J. McShane |
| **Prior** | 1813971;2293958 |

**Registrations**

**Type of Mark** TRADEMARK

**Register**       PRINCIPAL

**Affidavit Text** SECT 15. SECT 8 (6-YR). SECTION 8(10-YR) 20131031.

**Renewal**        1ST RENEWAL 20131031

**Live/Dead Indicator**   LIVE

TESS HOME   NEW USER   STRUCTURED   FREE FORM   Browse Dict   **SEARCH OG**   Top   HELP

| HOME | SITE INDEX| SEARCH | eBUSINESS | HELP | PRIVACY POLICY

 United States Patent and Trademark Office

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | eBusiness | eBiz alerts | News | Help

## Trademarks > Trademark Electronic Search System (TESS)

*TESS was last updated on Wed Sep 18 05:22:26 EDT 2019*

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | Browse Dict | SEARCH OG | BOTTOM | HELP |

Logout   **Please logout when you are done to release system resources allocated for you.**

# Record 1 out of 1

| TSDR | ASSIGN Status | TTAB Status | *( Use the "Back" button of the Internet Browser to return to TESS)* |



| | |
|---|---|
| **Word Mark** | TOP |
| **Goods and Services** | IC 034. US 002 008 009 017. G & S: smoking tobacco. FIRST USE: 19001210. FIRST USE IN COMMERCE: 19001210 |
| **Mark Drawing Code** | (3) DESIGN PLUS WORDS, LETTERS, AND/OR NUMBERS |
| **Design Search Code** | 21.01.09 - Tops, toys<br>26.17.07 - Heat, lines depicting ; Lines depicting speed, propulsion, heat or wind ; Propulsion, lines depicting ; Speed, lines depicting ; Wind, lines depicting |
| **Serial Number** | 75393869 |
| **Filing Date** | November 21, 1997 |
| **Current Basis** | 1A |
| **Original Filing Basis** | 1A |
| **Published for Opposition** | October 27, 1998 |
| **Change In Registration** | CHANGE IN REGISTRATION HAS OCCURRED |
| **Registration Number** | **2293958** |
| **Registration Date** | November 23, 1999 |
| **Owner** | (REGISTRANT) Top Tobacco, L.P. Applicant's only general partner is Top Tobacco Company, Inc., an Illinois Corporation LIMITED PARTNERSHIP DELAWARE 2301 Ravine Way Glenview ILLINOIS 60025 |
| **Assignment** | ASSIGNMENT RECORDED |

**Recorded**

**Attorney of Record**    Antony J McShane

**Prior Registrations**   1813971

**Description of Mark**    The drawing is lined for the colors blue and red.

**Type of Mark** TRADEMARK

**Register**   PRINCIPAL

**Affidavit Text** SECT 15. SECT 8 (6-YR). SECTION 8(10-YR) 20181208.

**Renewal**    2ND RENEWAL 20181208

**Live/Dead Indicator**    LIVE

TLSS HOME   NEW USER   STRUCTURED   FREE FORM   Browse Dict   SEARCH OG   TOP   HELP

| HOME | SITE INDEX| SEARCH | eBUSINESS | HELP | PRIVACY POLICY

 United States Patent and Trademark Office

Home|Site Index|Search|FAQ|Glossary|Guides|Contacts|eBusiness|eBiz alerts|News|Help

## Trademarks > Trademark Electronic Search System (TESS)

*TESS was last updated on Wed Sep 18 05:22:26 EDT 2019*

TESS HOME | NEW USER | STRUCTURED | FREE FORM | Browse Dict | **SEARCH OG** | BOTTOM | HELP

Logout   Please logout when you are done to release system resources allocated for you.

# Record 1 out of 1

TSDR | ASSIGN Status | TTAB Status   *( Use the "Back" button of the Internet Browser to return to TESS)*

## TOP

| | |
|---|---|
| **Word Mark** | TOP |
| **Goods and Services** | IC 034. US 002 008 009 017. G & S: smoking tobacco. FIRST USE: 19001210. FIRST USE IN COMMERCE: 19001210 |
| **Mark Drawing Code** | (1) TYPED DRAWING |
| **Serial Number** | 76074186 |
| **Filing Date** | June 20, 2000 |
| **Current Basis** | 1A |
| **Original Filing Basis** | 1A |
| **Published for Opposition** | April 29, 2003 |
| **Registration Number** | 2739466 |
| **Registration Date** | July 22, 2003 |
| **Owner** | (REGISTRANT) Top Tobacco L.P. Top Tobacco Management Corp., an Illinois Corporation LIMITED PARTNERSHIP DELAWARE 2301 Ravine Way Glenview ILLINOIS 60025 |
| **Attorney of Record** | Antony J. McShane |
| **Prior Registrations** | 1813971;2293958 |
| **Type of Mark** | TRADEMARK |
| **Register** | PRINCIPAL |
| **Affidavit Text** | SECT 15. SECT 8 (6-YR). SECTION 8(10-YR) 20130724. |
| **Renewal** | 1ST RENEWAL 20130724 |

**Live/Dead**      LIVE
**Indicator**

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | TOP | HELP |

| HOME | SITE INDEX| SEARCH | eBUSINESS | HELP | PRIVACY POLICY

9/18/2019

Trademark Electronic Search System (TESS)

 United States Patent and Trademark Office

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | eBusiness | eBiz alerts | News | Help

## Trademarks > Trademark Electronic Search System (TESS)

*TESS was last updated on Wed Sep 18 05:22:26 EDT 2019*

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | Browse Dict | **SEARCH OG** | BOTTOM | HELP |

Logout | Please logout when you are done to release system resources allocated for you.

# Record 1 out of 1

| TSDR | ASSIGN Status | TTAB Status | *( Use the "Back" button of the Internet Browser to return to TESS)*

# TOP

| | |
|---|---|
| **Word Mark** | TOP |
| **Goods and Services** | IC 007. US 013 019 021 023 031 034 035. G & S: cigarette making machines. FIRST USE: 20041130. FIRST USE IN COMMERCE: 20041130 |
| | IC 034. US 002 008 009 017. G & S: Cigarette rolling paper booklets; roll-your-own smoking tobacco; cigarette rolling machines; cigarette tubes; injector machines for filling cigarette tubes for personal use; filter tips for cigarettes [; roll-your-own kits for cigarettes containing cigarette rolling papers, filter tips and tobacco]. FIRST USE: 19001210. FIRST USE IN COMMERCE: 19001210 |
| **Standard Characters Claimed** | |
| **Mark Drawing Code** | (4) STANDARD CHARACTER MARK |
| **Serial Number** | 78979712 |
| **Filing Date** | February 8, 2006 |
| **Current Basis** | 1A |
| **Original Filing Basis** | 1B |
| **Published for Opposition** | September 12, 2006 |
| **Change In Registration** | CHANGE IN REGISTRATION HAS OCCURRED |
| **Registration Number** | **3407400** |
| **Registration** | April 1, 2008 |

| | |
|---|---|
| **Date** | |
| **Owner** | (REGISTRANT) Top Tobacco, L.P. Top Tobacco Management Corp., an Illinois Corporation LIMITED PARTNERSHIP DELAWARE 2301 Ravine Way Glenview ILLINOIS 60025 |
| **Attorney of Record** | Antony J. McShane |
| **Prior Registrations** | 2293958;2739465;2739466;AND OTHERS |
| **Type of Mark** | TRADEMARK |
| **Register** | PRINCIPAL |
| **Affidavit Text** | SECT 15. SECT 8 (6-YR). SECTION 8(10-YR) 20170705. |
| **Renewal** | 1ST RENEWAL 20170705 |
| **Live/Dead Indicator** | LIVE |

TLSS HOME | NEW USER | STRUCTURED | FREE FORM | Browse Dict | **SEARCH OG** | Top | HELP

| HOME | SITE INDEX| SEARCH | eBUSINESS | HELP | PRIVACY POLICY



United States Patent and Trademark Office

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | eBusiness | eBiz alerts | News | Help

## Trademarks > Trademark Electronic Search System (TESS)

*TESS was last updated on Wed Sep 18 05:22:26 EDT 2019*

`TESS HOME`  `NEW USER`  `STRUCTURED`  `FREE FORM`  `Browse Dict`  **`SEARCH OG`**  `BOTTOM`  `HELP`

Logout | Please logout when you are done to release system resources allocated for you.

# Record 1 out of 1

`TSDR`  `ASSIGN Status`  `TTAB Status`  *( Use the "Back" button of the Internet Browser to return to TESS)*



| | |
|---|---|
| **Word Mark** | TOP |
| **Goods and Services** | IC 034. US 002 008 009 017. G & S: cigarette rolling papers. FIRST USE: 20060700. FIRST USE IN COMMERCE: 20060700 |
| **Mark Drawing Code** | (3) DESIGN PLUS WORDS, LETTERS, AND/OR NUMBERS |
| **Design Search Code** | 21.01.09 - Tops, toys<br>26.17.07 - Heat, lines depicting ; Lines depicting speed, propulsion, heat or wind ; Propulsion, lines depicting ; Speed, lines depicting ; Wind, lines depicting<br>26.17.09 - Bands, curved ; Bars, curved ; Curved line(s), band(s) or bar(s) ; Lines, curved<br>26.19.03 - Cones (geometric) |
| **Trademark Search Facility Classification Code** | ART-21.01 Games; toys<br>INAN Inanimate objects such as lighting,clouds,footprints,atomic configurations,snowflakes,rainbows,flames<br>SHAPES-BAR-BANDS Designs with bar, bands or lines |
| **Serial Number** | 78981165 |
| **Filing Date** | March 29, 2006 |
| **Current Basis** | 1A |
| **Original Filing Basis** | 1B |
| **Published for Opposition** | August 29, 2006 |
| **Registration Number** | **3677986** |
| **Registration Date** | September 1, 2009 |
| **Owner** | (REGISTRANT) Top Tobacco, L.P. Top Tobacco Management Corp., an Illinois Corporation LIMITED PARTNERSHIP DELAWARE 2301 Ravine Way Glenview ILLINOIS 60025 |

| | |
|---|---|
| **Attorney of Record** | Antony J. McShane |
| **Prior Registrations** | 2293958;2739465;2739466;AND OTHERS |
| **Description of Mark** | Color is not claimed as a feature of the mark. |
| **Type of Mark** | TRADEMARK |
| **Register** | PRINCIPAL |
| **Affidavit Text** | SECT 15. SECT 8 (6-YR). SECTION 8(10-YR) 20181119. |
| **Renewal** | 1ST RENEWAL 20181119 |
| **Live/Dead Indicator** | LIVE |

TESS HOME   NEW USER   STRUCTURED   FREE FORM   BROWSE DICT   **SEARCH OG**   TOP   HELP

| .HOME | SITE INDEX| SEARCH | eBUSINESS | HELP | PRIVACY POLICY

 United States Patent and Trademark Office

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | eBusiness | eBiz alerts | News | Help

## Trademarks > Trademark Electronic Search System (TESS)

*TESS was last updated on Wed Sep 18 05:22:26 EDT 2019*

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | Browse Dict | **SEARCH OG** | BOTTOM | HELP |

Logout | Please logout when you are done to release system resources allocated for you.

# Record 1 out of 1

TSDR | ASSIGN Status | TTAB Status | ( *Use the "Back" button of the Internet Browser to return to TESS*)



| | |
|---|---|
| **Word Mark** | TOP |
| **Goods and Services** | IC 034. US 002 008 009 017. G & S: Cigarette rolling papers. FIRST USE: 20060700. FIRST USE IN COMMERCE: 20060700 |
| **Mark Drawing Code** | (3) DESIGN PLUS WORDS, LETTERS, AND/OR NUMBERS |
| **Design Search Code** | 21.01.09 - Tops, toys<br>26.17.09 - Bands, curved ; Bars, curved ; Curved line(s), band(s) or bar(s) ; Lines, curved |
| **Trademark Search Facility Classification Code** | ART-21.01 Games; toys<br>INAN Inanimate objects such as lighting,clouds,footprints,atomic configurations,snowflakes,rainbows,flames<br>SHAPES-BAR-BANDS Designs with bar, bands or lines<br>SHAPES-COLORS-3-OR-MORE Design listing or lined for three or more colors |
| **Serial Number** | 78981172 |
| **Filing Date** | March 29, 2006 |
| **Current Basis** | 1A |
| **Original Filing Basis** | 1B |
| **Published for Opposition** | August 29, 2006 |
| **Registration Number** | **3677987** |
| **Registration Date** | September 1, 2009 |
| **Owner** | (REGISTRANT) Top Tobacco, L.P. Top Tobacco Management Corp., an Illinois Corporation LIMITED PARTNERSHIP DELAWARE 2301 Ravine Way Glenview ILLINOIS 60025 |
| **Attorney of Record** | Antony J. McShane |

| | |
|---|---|
| **Prior Registrations** | 2293958;2739465;2739466;AND OTHERS |
| **Description of Mark** | The colors red, blue, and white are claimed as a feature of the mark. The mark consists of the word "TOP" in blue letters above a spinning top that contains red, white, and blue. A blue curved ban appears beside the spinning top to represent a spinning motion. |
| **Type of Mark** | TRADEMARK |
| **Register** | PRINCIPAL |
| **Affidavit Text** | SECT 15. SECT 8 (6-YR). SECTION 8(10-YR) 20181119. |
| **Renewal** | 1ST RENEWAL 20181119 |
| **Live/Dead Indicator** | LIVE |

TESS HOME | NEW USER | STRUCTURED | FREE FORM | Browse Dict | **SEARCH OG** | Top | HELP

|.HOME | SITE INDEX| SEARCH | eBUSINESS | HELP | PRIVACY POLICY

 United States Patent and Trademark Office

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | eBusiness | eBiz alerts | News | Help

## Trademarks > Trademark Electronic Search System (TESS)

*TESS was last updated on Wed Sep 18 05:22:26 EDT 2019*

TESS HOME | New USER | STRUCTURED | FREE FORM | Browse Dict | **SEARCH OG** | BOTTOM | HELP

Logout | Please logout when you are done to release system resources allocated for you.

# Record 1 out of 1

TSDR | ASSIGN Status | TTAB Status | *( Use the "Back" button of the Internet Browser to return to TESS)*



| | |
|---|---|
| **Word Mark** | TOP |
| **Goods and Services** | IC 034. US 002 008 009 017. G & S: Tobacco. FIRST USE: 20070706. FIRST USE IN COMMERCE: 20070706 |
| **Mark Drawing Code** | (3) DESIGN PLUS WORDS, LETTERS, AND/OR NUMBERS |
| **Design Search Code** | 21.01.09 - Tops, toys<br>26.17.09 - Bands, curved ; Bars, curved ; Curved line(s), band(s) or bar(s) ; Lines, curved |
| **Trademark Search Facility Classification Code** | ART-21.01 Games; toys<br>SHAPES-BAR-BANDS Designs with bar, bands or lines<br>SHAPES-COLORS-3-OR-MORE Design listing or lined for three or more colors<br>SHAPES-MISC Miscellaneous shaped designs<br>SHAPES-TRIANGLES Triangular shaped designs and marks including incomplete triangles |
| **Serial Number** | 78849174 |
| **Filing Date** | March 29, 2006 |
| **Current Basis** | 1A |
| **Original Filing Basis** | 1B |
| **Published for Opposition** | August 29, 2006 |
| **Registration Number** | 3710606 |
| **Registration Date** | November 10, 2009 |
| **Owner** | (REGISTRANT) Top Tobacco, L.P. Top Tobacco Management Corp., an Illinois Corporation LIMITED PARTNERSHIP DELAWARE 2301 Ravine Way Glenview ILLINOIS 60025 |
| **Attorney of Record** | Antony J. McShane |

| **Prior Registrations** | 2293958;2739465;2739466;AND OTHERS |
|---|---|
| **Description of Mark** | The colors red, blue, and white are claimed as a feature of the mark. The mark consists of the word "TOP" in blue letters above a spinning top that contains red, white, and blue. A blue curved ban appears beside the spinning top to represent a spinning motion. |
| **Type of Mark** | TRADEMARK |
| **Register** | PRINCIPAL |
| **Affidavit Text** | SECT 15. SECT 8 (6-YR). SECTION 8(10-YR) 20181121. |
| **Renewal** | 1ST RENEWAL 20181121 |
| **Live/Dead Indicator** | LIVE |

TESS HOME | NEW USER | STRUCTURED | FREE FORM | Browse Dict | **SEARCH OG** | TOP | HELP

| HOME | SITE INDEX| SEARCH | eBUSINESS | HELP | PRIVACY POLICY

 United States Patent and Trademark Office

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | eBusiness | eBiz alerts | News | Help

## Trademarks > Trademark Electronic Search System (TESS)

*TESS was last updated on Wed Sep 18 05:22:26 EDT 2019*

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | Browse Dict | SEARCH OG | BOTTOM | HELP |

Logout   Please logout when you are done to release system resources allocated for you.

# Record 1 out of 1

TSDR   ASSIGN Status   TTAB Status   *( Use the "Back" button of the Internet Browser to return to TESS)*



| | |
|---|---|
| **Word Mark** | TOP |
| **Goods and Services** | IC 034. US 002 008 009 017. G & S: Tobacco. FIRST USE: 20070706. FIRST USE IN COMMERCE: 20070706 |
| **Mark Drawing Code** | (3) DESIGN PLUS WORDS, LETTERS, AND/OR NUMBERS |
| **Design Search Code** | 21.01.09 - Tops, toys<br>26.17.07 - Heat, lines depicting ; Lines depicting speed, propulsion, heat or wind ; Propulsion, lines depicting ; Speed, lines depicting ; Wind, lines depicting<br>26.17.09 - Bands, curved ; Bars, curved ; Curved line(s), band(s) or bar(s) ; Lines, curved<br>26.19.03 - Cones (geometric) |
| **Trademark Search Facility Classification Code** | ART-21.01 Games; toys<br>SHAPES-BAR-BANDS Designs with bar, bands or lines<br>SHAPES-TRIANGLES Triangular shaped designs and marks including incomplete triangles |
| **Serial Number** | 78849003 |
| **Filing Date** | March 29, 2006 |
| **Current Basis** | 1A |
| **Original Filing Basis** | 1B |
| **Published for Opposition** | August 29, 2006 |
| **Registration Number** | 3720176 |
| **Registration Date** | December 1, 2009 |
| **Owner** | (REGISTRANT) Top Tobacco, L.P. Top Tobacco Management Corp., an Illinois Corporation LIMITED PARTNERSHIP DELAWARE 2301 Ravine Way Glenview ILLINOIS 60025 |

| | |
|---|---|
| **Attorney of Record** | Antony J. McShane |
| **Prior Registrations** | 2293958;2739465;2739466;AND OTHERS |
| **Description of Mark** | Color is not claimed as a feature of the mark. |
| **Type of Mark** | TRADEMARK |
| **Register** | PRINCIPAL |
| **Affidavit Text** | SECT 15. SECT 8 (6-YR). SECTION 8(10-YR) 20181220. |
| **Renewal** | 1ST RENEWAL 20181220 |
| **Live/Dead Indicator** | LIVE |

TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | **SEARCH OG** | TOP | HELP

|.HOME | SITE INDEX| SEARCH | eBUSINESS | HELP | PRIVACY POLICY

9/18/2019                                   Trademark Electronic Search System (TESS)

 United States Patent and Trademark Office

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | eBusiness | eBiz alerts | News | Help

## Trademarks > Trademark Electronic Search System (TESS)

*TESS was last updated on Wed Sep 18 05:22:26 EDT 2019*

TESS HOME | New User | Structured | FREE FORM | Browse Dic | **SEARCH OG** | Bottom | HELP

Logout   Please logout when you are done to release system resources allocated for you.

# Record 1 out of 1

TSDR   ASSIGN Status   TTAB Status *( Use the "Back" button of the Internet Browser to return to TESS)*

# TOP

| | |
|---|---|
| **Word Mark** | TOP |
| **Goods and Services** | IC 034. US 002 008 009 017. G & S: pocket machines for rolling cigarettes for personal use. FIRST USE: 19920327. FIRST USE IN COMMERCE: 19920327 |
| **Standard Characters Claimed** | |
| **Mark Drawing Code** | (4) STANDARD CHARACTER MARK |
| **Serial Number** | 77980954 |
| **Filing Date** | November 6, 2009 |
| **Current Basis** | 1A |
| **Original Filing Basis** | 1B |
| **Published for Opposition** | February 23, 2010 |
| **Registration Number** | **3918139** |
| **Registration Date** | February 8, 2011 |
| **Owner** | (REGISTRANT) Top Tobacco LP Top Tobacco Management Corp., an Illinois Corporation limited partnership DELAWARE 2301 Ravine Way Glenview ILLINOIS 60025 |
| **Attorney of Record** | Antony J. McShane |
| **Prior Registrations** | 2293958;2739465;2739466;AND OTHERS |
| **Type of Mark** | TRADEMARK |
| **Register** | PRINCIPAL |
| **Affidavit Text** | SECT 15. SECT 8 (6-YR). |

**Live/Dead Indicator**     LIVE

TESS HOME | New User | STRUCTURED | FREE FORM | Browse Dict | SEARCH OG | Top | HELP

| HOME | SITE INDEX| SEARCH | eBUSINESS | HELP | PRIVACY POLICY

# EXHIBIT 2